UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
BENNY JUNIOR PERUSIEL

        Plaintiff,

  -against-

ANDREW SAUL, Commissioner of the
Social Security Administration,

        Defendant.

---------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-CV-04154-FB

*Appearances:*
*For the Plaintiff*:
CHARLES E. BINDER
Law Offices of Charles E. Binder
and Harry J. Binder
485 Madison Ave. Suite 501
New York, NY 10022

*For the Defendant*:
JACQUELINE M. KASULIS
Acting United States Attorney
Eastern District of New York
By: JOLETTA M. FRIESEN
Special Assistant United States Attorney
271 Cadman Plaza East, Ste. 7117
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Benny Junior Perusiel ("Perusiel") seeks review of the Commissioner of Social Security's denial of his application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). Both parties move for judgment on the pleadings. For the following reasons, Perusiel's motion is granted, the Commissioner's denied, and this case is remanded for further proceedings.

1

I.

Perusiel applied for DIB and SSI on January 25, 2018, claiming a disability onset date of October 1, 2017. The Commissioner denied Perusiel's application on March 27, 2018, and Perusiel requested a hearing. On May 17, 2019, Administrative Law Judge Robert Schriver ("the ALJ") held a hearing on Perusiel's claim.

After the hearing, the ALJ determined that Perusiel suffered from several "severe impairments," including: "major depressive disorder, generalized anxiety disorder, patellofemoral syndrome, morbid obesity, alcohol dependence, asthma." A.R. 70. The ALJ further determined that Perusiel retained the "residual functional capacity" (RFC) to perform sedentary work with several restrictions.[1] A.R. 73. He concluded that Perusiel could not perform his former work as a delivery driver, housekeeper, security guard or dietary aide, but could work as a final assembler of optical goods, lampshade assembler or lens inserter, and was therefore not disabled. *Id*. The Appeals Council declined Perusiel's request for review, and this appeal followed.

---

[1] *See A.R. 73-6* for the ALJ's complete description of restrictions he found.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

## III.

As of March 27, 2017, a treating physician's medical opinion is no longer presumptively given controlling weight. 20 C.F.R. §§ 404.1520c(a). Rather, the persuasiveness of each medical source is evaluated according to several factors, including supportability, consistency, relationship with the claimant and specialization, among others. 20 C.F.R. §§ 404.1520c(c). Supportability and consistency are the most important factors. 20 C.F.R. §§ 404.1520c(a). In his or her finding, the ALJ must articulate his or her consideration of these factors, including the persuasiveness of each source. *Id.*

Here, the ALJ erred by failing to properly consider the above factors and by substituting his own lay opinion for those of medical sources. In doing so, he made a finding that was inconsistent with and unsupported by medical evidence. *See*

*Hilsdorf v. Comm'r of Soc. Sec.,* 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010) (stating that an ALJ who makes an RFC determination that is unsupported by substantial evidence has improperly substituted his own opinion for that of a physician); *see also Balsamo v. Chater*, 142 F. 3d 75, 81 (2d Cir. 1998) (holding that an ALJ may not substitute his or her judgment for a competent medical opinion).

Specifically, the ALJ did not sufficiently explain why he found the opinion of Dr. Isakov, Perusiel's treating psychiatrist, to be only "somewhat persuasive." A.R. 76. He merely stated that Dr. Isakov's opinion was not supported by his treatment notes, which is an assertion that is not supported by the record. The ALJ also failed to adequately explain why he disregarded Dr. Porcelli's findings regarding Perusial's limitations in attending work and controlling his emotions and behavior, despite deeming Dr. Porcelli's opinion "persuasive." A.R. 75-6. Had he given full weight to the opinions of Dr. Isakov and Dr. Porcelli, the ALJ would not have been able to make the RFC finding that he did. Therefore, these findings are reversible error.

An ALJ must explain why he or she rejects the opinion of a treating source. *Snell v. Apfel*, 177 F. 3d 128, 134 (2d Cir. 1999). Here, the ALJ not only did not provide supporting evidence as to why Dr. Isakov's opinion was only somewhat persuasive, he also did not indicate which parts of Dr. Isakov's assessments he deemed persuasive and which he did not.

Dr. Isakov treated Perusiel on a weekly basis during 2018. *See* A.R. 594. He diagnosed Perusiel with Major Depression, Generalized Anxiety Disorder and Alcohol Dependence, and noted that Perusiel had difficulty being around people, a depressed mood, feelings of worthlessness, difficulty thinking or concentrating, appetite disturbance, decreased energy, anhedonia, and psychomotor delays. *See id*. It is unclear how these notes are inconsistent with Dr. Isakov's opinion that Perusiel has a marked degree of mental limitations that would affect his ability to work. A cursory reference to inconsistency does not meet the burden required by the regulation for disregarding a medical opinion, particularly when an examination of the record does not support a finding of inconsistency. *See* 20 C.F.R. §§ 404.1520c(a). The ALJ also failed to articulate how he considered consistency and supportability of Dr. Isakov's medical opinion in order to determine how persuasive it is. This was error. *See* 20 C.F.R. §§ 404.1520c(b)(2).

In addition, the ALJ erred when he selectively rejected the opinion of Dr. Porcelli, the Social Security Administration's own examining psychologist. Dr. Porcelli found that Perusiel had limitations in sustaining an ordinary routine and regular attendance, as well as with regulating emotions, controlling behavior and maintaining well-being, and noted that Perusiel is not able to manage his finances due to alcohol abuse. *See* A.R. 527-30. The ALJ rejected Dr. Porcelli's finding that Perusiel has moderate limitations in sustaining an ordinary routine and regular

attendance, regulating emotions, controlling behavior, and maintaining well-being because he was able to attend his appointments and was "consistently found to be calm and cooperative." A.R. 75. It is plainly unclear how Perusiel's calm and cooperative affect during psychiatric evaluations would be inconsistent with being unable to regulate emotion. The ALJ himself found that Perusiel had the severe impairments of major depressive disorder, generalized anxiety disorder and alcohol dependence, which are all mental impairments that involve issues with regulating emotion. Attending sporadic appointments is also not inconsistent with a finding that Perusiel would be unable to attend work on a regular basis. To reach these findings, the ALJ appears to have substituted his own opinion for that of medical providers. This is error. *See Hilsdorf* at 347.

## CONCLUSION

For the above reasons, Perusiel's motion for judgment on the pleadings is **GRANTED** and the Commissioner's **DENIED**. This case is **REMANDED** for further proceedings consistent with this Order.

**SO ORDERED.**

                                                       /S/ Frederic Block
                                                      FREDERIC BLOCK
                                                      Senior United States District Judge

Brooklyn, New York
November 1, 2021